J-A11024-19

2019 PA Super 271

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
FLOYD R. BERNARD :
:
Appellant : No. 1449 MDA 2018

Appeal from the Judgment of Sentence Entered May 22, 2018
In the Court of Common Pleas of Lackawanna County Criminal Division at
No(s):  CP-35-CR-0002548-2016

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

OPINION BY OLSON, J.:                    **FILED SEPTEMBER 04, 2019**

Appellant, Floyd R. Bernard, appeals from the judgment of sentence
entered on May 22, 2018, following his bench trial convictions for one count
each of criminal attempt to deliver a controlled substance, possession with
intent to deliver a controlled substance (PWID), criminal use of a
communication facility, possession of a controlled substance, and possession
of drug paraphernalia.[1]   We affirm Appellant's convictions, vacate his
sentences, and remand for resentencing.

The trial court briefly set forth the facts and procedural history of this
case as follows:

[Appellant] was charged [with the aforementioned crimes].

On May 8, 2017, [c]ounsel for [Appellant] filed an omnibus pretrial
motion and brief in support thereof.  On July 14, 2017, counsel

---

[1] 35 P.S. § 780-113(a)(30)/18 Pa.C.S.A. § 901, 35 P.S. § 780-113(a)(30), 18
Pa.C.S.A. § 7512(a), 35 P.S. § 780-113(a)(16), and 35 P.S.
§ 780-113(a)(32).

for [Appellant] filed a second brief in support of his omnibus pretrial motion. Following a hearing on May 25, 2017, [the trial] court denied [Appellant's] motion. Pursuant to [the trial] court's December 5, 2017 pretrial order, [Appellant] executed a written waiver of jury trial colloquy on December 13, 2017 and [the trial] court conducted a non-jury trial on December 19, 2017.

During trial, Assistant District Attorney Anthony Martinelli (hereinafter ADA Martinelli) submitted into evidence stipulations regarding the proposed testimony of Officer [Larry] Spathelf, [a] confidential informant [(CI)], as well as the qualifications of Pennsylvania State Police forensic scientist, Lauren Force and the contents of her reports analyzing the heroin packets recovered. First ADA Martinelli submitted [that] Officer Spathelf's testimony would include the following: that on October 25, 2016, he began an investigation into the sale of narcotics in the City of Scranton. During the course of his investigation, he met with a CI, who informed him that he or she knew an individual by the street name of "Flex." The CI relayed that "Flex" traveled to Scranton and delivered heroin. Officer Spathelf explained that the CI arranged a drug transaction with [Appellant] by calling [Appellant's] cell[ular] [tele]phone. The CI and [Appellant] arranged a quantity and a meet location at the former Weis Market located in the 1100 block of South Washington Avenue, Scranton, [Pennsylvania]. Subsequently, Officer Spathelf and the CI traveled to the parking lot of the former Weis Market and [Appellant] arrived in a silver BMW, which the CI identified as the vehicle [Appellant] own[ed] and operate[d].

Furthermore, Officer Spathelf and the CI identified [Appellant] as the individual who arrived in the BMW. Shortly after, Officer Spathelf conducted a search incident to arrest and found the target cell[ular] [tele]phone, $245[.00] in U.S. currency, and twenty-five (25) glassine bags of heroin.

Next, the Commonwealth submitted that the CI's testimony corroborated Officer Spathelf's testimony. Finally, the Commonwealth submitted that Lauren Force, employed by [the] Pennsylvania State Police Forensic Unit, and an expert in the field of chemical analysis of controlled substances tested the twenty-five (25) packets of suspected heroin. She verified that the packets tested positive for heroin. She also represented that [] twenty (20) packets of heroin weighed .009 grams, while five (5) of the bags weighed .006 grams.

Thereafter, [the trial] court indicated it would review the evidence and render [a] verdict. Based upon a delay in the transmission of transcripts, [the trial] court extend[ed the] period to render [its] decision. On January 4, 2018, after receipt of the trial transcripts and consideration of all the evidence presented by the Commonwealth and [Appellant], including a copy of the stipulations as to the forensic testing and lab reports by the Pennsylvania State Police, the intended testimony of Officer [] Spathelf, and forensic scientist, Lauren Force, [the trial] court found [Appellant] guilty on all counts.

On May 22, 2018, after review of [Appellant's] pre-sentence investigation and sentencing guidelines, [the trial] court sentenced [Appellant consecutively] as follows:

Count 1: Criminal attempt to deliver a controlled substance, eleven (11) to twenty-four (24) months [of] incarceration,

Count 2: [PWID], two (2) years of probation,

Count 3: Criminal use of a communication facility, eight (8) to twenty-four (24) months [of incarceration], followed by two (2) years of probation,

Count 4: Possession of a controlled substance, one (1) year of probation,

Count 5: Possession of drug paraphernalia, determination of guilty without further penalty.

On June 1, 2018, [Appellant] filed a timely post-sentence motion seeking merger of Counts [1] and [3] with Count [2]. After a hearing on [Appellant's] post-sentence motion, [the trial] court merged Count [2] and Count [4], but denied merger on all other counts. On August 24, 2018, [Appellant] filed a timely notice of appeal, and on August 27, 2018, [the trial] court directed [Appellant] to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on October 16, 2018.]

Trial Court Opinion, 10/16/2018, at 1-4 (record citations and superfluous capitalization omitted).

On appeal, Appellant presents the following issues for our review:

   I.   Whether [Appellant] was denied his constitutional rights to a
        fair trial by the [trial] court's refusal to suppress evidence
        obtained through the use of a confidential informant that was
        both unproven as reliable and uncorroborated by any
        independent police investigation[?]

   II.  Whether the sentence imposed on [Appellant] was an illegal
        sentence by virtue of the [trial] court's failure to merge the
        sentences imposed on two sep[a]rate counts that were based
        upon the same actus reus which formed the illegal act
        supporting the charge[?]

Appellant's Brief at 4 (complete capitalization and suggested answers omitted).

In his first issue presented, Appellant argues that the trial court erred by denying suppression. *Id.* at 11-17. He claims that the police lacked probable cause to conduct a warrantless stop and seizure. *Id.* at 11. In sum, Appellant asserts:

> Established precedent requires that in situations like this, where an officer's actions resulted from information gleaned from an informant, in determining whether there was probable cause, the informant's veracity, reliability and basis of knowledge must be assessed. Where police are acting solely on the basis of an informant's tip and the reliability of the confidential informant is not established by objective facts, it is essential that the tip provide adequate indication that the informant has actual knowledge that criminal conduct is occurring or has occurred at the time the warrantless arrest is made. In other words, the [c]ourt cannot effectively erode the 'totality of the circumstances test' by condoning a finding of probable cause solely upon the bare assertion of a confidential informant.
>
>                *      *      *
>
> Therefore, the seizure conducted on [Appellant], was an unlawful arrest and any evidence elicited therefrom should be suppressed.

Appellant's Brief at 14-16.

- 4 -

The standard of review for the denial of a motion to suppress evidence is as follows:

> An appellate court's standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, the appellate court is bound by those findings and may reverse only if the court's legal conclusions are erroneous. Where ... the appeal of the determination of the suppression court turns on allegations of legal error, the suppression court's legal conclusions are not binding on an appellate court, whose duty it is to determine if the suppression court properly applied the law to the facts. Thus, the conclusions of law of the courts below are subject to plenary review.

*Commonwealth v. Smith*, 164 A.3d 1255, 1257 (Pa. Super. 2017) (internal brackets and citation omitted).

This Court has previously determined:

An arrest or 'custodial detention' must be supported by probable cause:

> Probable cause is made out when the facts and circumstances which are within the knowledge of the officer at the time of the arrest, and of which he has reasonably trustworthy information, are sufficient to warrant a [person] of reasonable caution in the belief that the suspect has committed or is committing a crime. The question we ask is not whether the officer's belief was correct or more likely true than false. Rather, we require only a probability, and not a *prima facie* showing, of criminal activity. In determining whether probable cause exists, we apply a totality of the circumstances test.

> Information received from confidential informants may properly form the basis of a probable cause determination. Where the officers' actions resulted from information gleaned from an informant, in determining whether there was probable cause, the informant's veracity, reliability and basis of knowledge must be assessed.
>
> An informant's tip may constitute probable cause where police independently corroborate the tip, or where the informant has provided accurate information of criminal activity in the past, or where the informant himself participated in the criminal activity.

*Commonwealth v. Goldsborough*, 31 A.3d 299, 306 (Pa. Super. 2011) (cleaned up). Our Supreme Court "held that a determination of probable cause based upon information received from a confidential informant depends upon the informant's reliability and basis of knowledge viewed in a common sense, non-technical manner." *Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011) (citation omitted); *see also Commonwealth v. Sanchez*, 907 A.2d 477, 488 (Pa. 2006), *quoting United States v. Tuttle*, 200 F.3d 892, 894 (6th Cir. 2000) ("[I]nformation received from an informant whose reliability is not established may be sufficient to create probable cause where there is some independent corroboration by police of the informant's information."); *see also Commonwealth v. Manuel*, 194 A.3d 1076, 1083 (Pa. Super. 2018) (citation omitted) (same).

In this case, the trial court concluded that police independently corroborated the confidential informant's tip based upon the following evidence:

> In the present case, the CI met with Officer Spathelf and informed him that he or she knew a heroin supplier who went by the name 'Flex.' The CI explained that he or she owed 'Flex' $100[.00] from

a previous drug transaction, and as a result 'Flex' had a reason to return to Scranton. The CI provided a physical description of 'Flex' as well as the vehicle he drove including tinted windows and a loud exhaust. Subsequently, the CI provided consent to have any communications with 'Flex' intercepted and recorded. Thereafter, Officer Spathelf intercepted three [tele]phone calls between the CI and 'Flex.' During the initial [tele]phone call, the CI and 'Flex' agreed to meet in the parking lot of a vacant Weis Supermarket in Scranton, Pennsylvania, where officer surveillance was established. During the second [tele]phone call, [Appellant] stated that he would be bringing 'everything' with him. Finally, during a third [tele]phone call 'Flex' informed the CI that he would be at the meet location in '[six] minutes.' Within five (5) minutes a vehicle matching the CI's description parked in front of the vacant Weis Supermarket. The CI then identified the vehicle and the driver as 'Flex.'

By establishing surveillance at the arranged meet location, and recording the CI's telephone conversations, officers were able to verify the CI's information. In accordance with the CI's telephone conversations, [Appellant] arrived at the meet location and parked a vehicle matching the exact description previously provided by the CI. Therefore, taking into account the independent corroboration performed by officers, including surveillance and intercepted [tele]phone calls, as well as their knowledge and experience with prior drug transactions, [the trial] court found that the Commonwealth presented sufficient evidence of probable cause to arrest and search both [Appellant] and his vehicle. As such, [the trial court] denied [Appellant's] [o]mnibus [p]retrial [m]otion to [s]uppress [e]vidence.

Trial Court Opinion, 10/16/2018, at 8-9 (record citations omitted).

Based upon our standard of review and the evidence presented at the suppression hearing, we discern no abuse of discretion or error of law in denying suppression. Here, the CI provided a detailed physical description of Appellant prior to his arrival. The CI also described to police the distinctive features of Appellant's vehicle, including the make, model, and color of the vehicle, the tinted windows, and loud exhaust system. Appellant arrived at

an established location as scheduled and predicted by the confidential informant. The intercepted telephone calls, corroborated by police, indicated that the CI owed Appellant money and that Appellant was bringing "everything" with him to the agreed location. Police verified all of these facts. Moreover, the CI confirmed that he or she had prior drug dealings with Appellant. *See Commonwealth v. Clark*, 28 A.3d 1284, 1288 (Pa. 2011) (informant's tip may constitute probable cause where the informant himself participated in the criminal activity). Thus, viewing the totality of the evidence in a common sense, non-technical manner, we conclude that Officer Spathelf had probable cause to believe that criminal activity was likely afoot. As such, suppression was not warranted and Appellant's first issue lacks merit.

In his second issue presented on appeal, Appellant contends that the trial court illegally sentenced him for criminal attempt to deliver a controlled substance and PWID. Appellant's Brief at 17-20. He claims that the sentences should have merged because the crimes arose from the same criminal episode and one of the crimes is a lesser-included offense. *Id.* at 18. He claims that his actions amounted to "simply arriving at the [agreed] location in possession of a quantity of drugs that indicated his intent to distribute" and that taking a substantial step, necessary for an attempted delivery, "is the possession of drugs with the intent to deliver, which is also the sole basis for the charge of [PWID]." *Id.* at 19.

Whether Appellant's convictions merge for sentencing is a question implicating the legality of his sentence. Consequently, our standard of review

is *de novo* and the scope of our review is plenary. ***Commonwealth v. Calhoun***, 52 A.3d 281, 284 (Pa. Super. 2012).

The merger of sentences is governed by 42 Pa.C.S.A. § 9765, which provides:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765.

> We have previously determined:
>
> The best evidence of legislative intent is the words used by the General Assembly. Further, this Court must, whenever possible, give effect to all provisions of a statute, 1 Pa.C.S.A. § 1921(a), and unless a phrase has a technical, peculiar, or otherwise defined meaning, that phrase must be construed according to its common and approved usage. 1 Pa.C.S.A. § 1903(a). Of course, this Court presumes that the General Assembly does not intend absurd or unreasonable results when it enacts a statute. 1 Pa.C.S.A. § 1922(1).
>
> *                *                *
>
> A plain language interpretation of Section 9765 reveals the General Assembly's intent to preclude the courts of this Commonwealth from merging sentences for two offenses that are based on a single criminal act unless all of the statutory elements of one of the offenses are included in the statutory elements of the other.

***Calhoun***, 52 A.3d at 284.

Mindful of these principles, we now consider Appellant's claim that the trial court erred in refusing to merge, for sentencing purposes, his convictions

- 9 -

for PWID and criminal attempt to deliver a controlled substance. Appellant

was convicted of PWID, which statutorily defines and prohibits the following

conduct:

> [T]he manufacture, delivery, or **possession with intent to** manufacture or **deliver**, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).[2]

To sustain a conviction for PWID, "the Commonwealth must prove both

the possession of the controlled substance and the intent to deliver the

controlled substance." ***Commonwealth v. Roberts***, 133 A.3d 759, 767 (Pa.

Super. 2016) (citation omitted). Moreover,

> [w]ith regard to the intent to deliver, we must examine the facts and circumstances surrounding the possession. The intent to deliver may be inferred from possession of a large quantity of controlled substances. It follows that possession of a small amount of a controlled substance supports the conclusion that there is an absence of intent to deliver. If the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors.
>
> Other factors to consider when determining whether a defendant intended to deliver a controlled substance include the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, and the sums of

---

[2] We note that the PWID statute addresses three proscribed criminal activities – the manufacturing, actual delivery, and the possession with the intent to deliver narcotics. In this case, it is clear that Appellant was not charged for manufacturing activity or actually delivering the heroin at issue. Thus, we confine our analysis to examining the statutory elements of possession with intent to deliver.

cash found in possession of the defendant. The final factor to be considered is expert testimony. Expert opinion testimony is admissible concerning whether the facts surrounding the possession of controlled substances are consistent with an intent to deliver rather than with an intent to possess it for personal use.

*Id.* at 768 (internal citation omitted).

Whereas,

A person commits an attempt when, **with intent to commit a specific crime**, he does any act which constitutes a substantial step toward the commission of that crime.

18 Pa.C.S.A. § 901(a).

Here, in charging Appellant under 35 P.S. § 780-113(a)(30) for his possession of narcotics with the intent to deliver (as opposed to manufacturing or actually delivering the narcotics), the Commonwealth was required to establish Appellant's intent to deliver the heroin. Likewise, to establish attempted delivery, the Commonwealth was required to show that Appellant took a substantial step toward the delivery of the heroin in his possession. While the attempt statute requires a substantial step toward the commission of PWID, the Commonwealth needed to prove, essentially, that Appellant took a substantial step towards delivery of a controlled substance in order to convict Appellant of intent to deliver under the PWID statute. We agree with Appellant that possessing the narcotics and arriving at the predetermined location was the substantial step necessary for both PWID and attempted delivery of a controlled substance. Thus, we conclude that all of the statutory

- 11 -

elements of attempted delivery of a controlled substance are included in the statutory elements of PWID.

Moreover, in the case *sub judice*, there is no factual dispute that Appellant's convictions for attempted delivery and PWID were based upon a single criminal episode, *i.e.* the attempted delivery of heroin to a CI. Regarding criminal attempt, the criminal complaint alleged that Appellant "with the intent to commit the crime of delivery of [a] controlled substance, [] made [a cellular telephone] call to facilitate and arrived with heroin, which constituted a substantial step toward the commission [of the] aforesaid crime[.]" Criminal Complaint, 10/25/2016, at 2. Regarding PWID, the criminal complaint averred that Appellant "manufactured, delivered, or possessed with intent to deliver, 25 packets of heroin, a controlled substance." *Id.*[3] Thus, the charges for PWID and attempted delivery were based upon the same attempted delivery of heroin.

Furthermore, we recognize that the trial court convicted and sentenced Appellant for both a completed crime and for attempting to complete that same crime. However, the General Assembly does not intend absurd or unreasonable results when it enacts a statute.

---

[3] Upon review of the certified record, the Commonwealth did not produce evidence to suggest that Appellant possessed more narcotics than he intended to sell to the confidential informant. Officer Spathelf testified, at the suppression hearing that, "[t]he informant stated that they had $100[.00] owed [to Appellant] and they had extra money. [Appellant] responded that he would bring **everything** then." N.T, 5/25/2017, at 6 (emphasis added). Thus, there was no evidence to show that Appellant planned, intended, or prepared to carry out future transactions after he met with the CI as arranged.

Accordingly, for all of the foregoing reasons, we conclude that Appellant's convictions for attempted delivery and PWID should have merged. In sum, we affirm all of Appellant's convictions, but vacate his sentence for attempted delivery of narcotics. *See* 42 Pa.C.S.A. § 9765 ("the court may sentence the defendant only on the higher graded offense."). Here, however, because the trial court imposed consecutive sentences, our disposition upsets the overall sentencing scheme of the trial court, and, thus, we must remand so that the trial court can restructure its sentence plan. *Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006).

Convictions affirmed. Judgment of sentence for criminal attempt to deliver a controlled substance vacated. Case remanded for resentencing consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/4/2019