J-A07013-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| MAURICE PORTER | : | |
| Appellant | : | No. 786 MDA 2024 |

Appeal from the Judgment of Sentence Entered July 19, 2023
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s): CP-54-CR-0000188-2022

BEFORE: BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY BOWES, J.:                **FILED: MARCH 20, 2025**

Maurice Porter appeals from the aggregate judgment of sentence of thirty-six to seventy-two months of incarceration imposed upon his convictions for possession with intent to deliver ("PWID") methamphetamine and possession of several other controlled substances and drug paraphernalia. We affirm.

On November 17, 2021, Narcotics Agent Leo Securda of the Pennsylvania Attorney General's Office, joined by five other officers, including Special Agent John Arruda of the Department of Homeland Security Investigations, executed a search warrant of Appellant's residence. His girlfriend answered the door and called for Appellant, who emerged from the basement. He became combative with the officers, who eventually had to force him to the ground and place him in custody to conduct the search.

Appellant declared that any items the officers would find were his and not those of his girlfriend. *See* N.T. Jury Trial, 6/7/23, at 78.

Since Appellant had emerged from the basement, officers began their search there. Agent Securda found three scales covered in drug remnants; small bags consistent with those used to package drugs, some being empty and others containing substances; trays with methamphetamine residue; five plastic bags of methamphetamine; and a marijuana smoking device. *Id*. at 65-74. Agent Arruda discovered multiple small bags containing a crystalline substance, later confirmed to be methamphetamine. *Id*. at 103. On Appellant's person, officers found six suboxone strips, a snorting straw, and one small bag each of "heroin/fentanyl," marijuana, and methamphetamine. *Id*. at 95.

Appellant was thereafter charged with PWID methamphetamine, and one count each of possession of methamphetamine, heroin/fentanyl, suboxone, marijuana, and drug paraphernalia. The matter proceeded to a jury trial wherein Agents Securda and Arruda testified to the aforementioned facts.

Additionally, the Commonwealth presented Ian Urbansky, a Narcotics Agent with the Pennsylvania Attorney General's Office, Bureau of Narcotics Investigation and Drug Control, as an expert witness in narcotics investigation and drug trafficking. Upon reviewing the facts of this case, he "concluded to a reasonable degree of certainty that [Appellant] possessed the

methamphetamine with the intention to deliver it to another person." *Id*. at 114. Agent Urbansky explained that Appellant had five grams of methamphetamine in his basement, a street value of $500 at $100 per gram, which was greater than the typical amount for personal use. *Id*. He attested that the small, empty bags that the officers found, dubbed as "apple bags," were those often used to traffic drugs, and would serve little other purpose. *Id*. at 115-17. Furthermore, the agent discussed how scales are commonly utilized to measure the proper weight of narcotics to package for sale. *Id*. at 119-20. He confirmed that the scales discovered in the officer's search appeared to be covered in methamphetamine residue. *Id*. at 115.

Another witness, Erin C. Luck, a Forensic Supervisor with the Bethlehem Regional Crime Lab, testified as an expert in drug recognition. She examined the drugs found in this matter and confirmed the presence and weight of methamphetamine. *Id*. at 140, 144-45.

Upon this evidence, the jury convicted Appellant of the aforementioned offenses, and the court imposed the sentence specified above. After Appellant's direct appeal rights were reinstated, he timely appealed and submitted a court-ordered Pa.R.A.P. 1925(b) statement, and the court issued a responsive Rule 1925(a) opinion. Appellant raises the following question for our determination: "Was there sufficient evidence to prove the 'intent to deliver' element of count [one, PWID] methamphetamine[?]" Appellant's brief at 3.

We begin with the legal tenets that guide our review:

When reviewing a sufficiency claim, we face a question of law. Accordingly, our standard of review is *de novo*. We view the evidence in the light most favorable to the Commonwealth, as the verdict winner, and we draw all reasonable inferences therefrom in the Commonwealth's favor. Through this lens, we must ascertain whether the Commonwealth proved all of the elements of the crime at issue beyond a reasonable doubt.

The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, we may not weigh the evidence and substitute our judgment for the factfinder. Any doubts regarding a defendant's guilt may be resolved by the factfinder, unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact may be drawn from the combined circumstances.

*Commonwealth v. Ransom*, 328 A.3d 1127, 1133-34 (Pa.Super. 2024)

(cleaned up).

The offense of PWID is defined as follows:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

18 P.S. § 780-113. To sustain a conviction, "the Commonwealth must prove

both the possession of the controlled substance and the intent to deliver the

- 4 -

controlled substance." ***Commonwealth v. Smith***, 317 A.3d 1053, 1060 (Pa.Super. 2024) (cleaned up).

In assessing whether the intent to deliver element has been established, "we must examine the facts and circumstances surrounding the possession." ***Commonwealth v. Bernard***, 218 A.3d 935, 943 (Pa.Super. 2019) (cleaned up). Intent to deliver "may be inferred from possession of a large quantity of controlled substances." ***Id***. Additionally, we may analyze "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, . . . the sums of cash found in possession of the defendant[, and] . . . expert testimony." ***Id***.

Appellant argues that there was not a "large [enough] quantity of meth[amphetamine]" to infer an intent to deliver, and the remaining circumstances do not establish such. ***See*** Appellant's brief at 12. He points to the fact that the agents discovered two different devices to consume the narcotics. ***Id***. Thus, he maintains that the evidence demonstrates that he only possessed the methamphetamine for personal use. ***Id***. He also challenges Agent Urbansky's expert testimony that Appellant intended to deliver based on the scales that were covered in drug residue, as Ms. Luck did not confirm that the substance on the scales was methamphetamine, and it was not concretely established that Appellant "was using the scales to weigh" the controlled substance for sale. ***Id***. at 13.

The court offered the following analysis of this issue:

> As far as the charge of [PWID], Appellant admitted the methamphetamine was his. The jury believed the testimony of the Commonwealth['s] expert witness that Appellant possessed the methamphetamine with the intent to deliver. Also[,] the amount of drugs and the other indicia of selling drugs found in the residence was sufficient to support the jury's verdict.

Trial Court Opinion, 8/28/24, at 9 (some articles omitted).

We agree with the court that, when viewed in the light most favorable to the Commonwealth, the record supports Appellant's conviction for PWID. Appellant confirmed that the drugs were his when he pleaded with the agents not to place blame on his girlfriend. *See* N.T. Jury Trial, 6/7/23, at 78. Further, the amount of methamphetamine recovered was greater than a typical street user would possess, according to the expert testimony of Agent Urbansky. *Id*. at 114. The expert also explained that the empty bags in Appellant's basement, as well as the scales, which he attested were covered in methamphetamine residue, were indicia of packaging for distribution. *Id*. at 115-20. Accordingly, the evidence was sufficient to uphold Appellant's conviction for PWID methamphetamine, and we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>03/20/2025</u>