J-S07041-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| BOBBIE L. BROWN | : | |
| | : | |
| Appellant | : | No. 1217 MDA 2023 |

Appeal from the PCRA Order Entered August 11, 2023
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s): CP-22-CR-0005328-2007

BEFORE: LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED AUGUST 15, 2024**

Appellant, Bobbie L. Brown, appeals *pro se* from the order entered in the Dauphin County Court of Common Pleas that dismissed his second petition filed pursuant to the Post Conviction Relief Act (PCRA)[1] without a hearing. For the reasons set forth below, we affirm the dismissal on the ground that the PCRA petition is untimely.

On August 14, 2008, Appellant was convicted by a jury of first-degree murder and carrying a firearm without a license for shooting Eric Cooper (Victim) to death outside a bar in Harrisburg, Pennsylvania on October 24, 2007. Victim and Appellant had both been romantically involved with the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541–9546.

same woman, and the shooting occurred during an altercation between Victim and Appellant that Victim initiated. *Commonwealth v. Brown*, No. 94 MDA 2013, at 1-2 (Pa. Super. filed October 18, 2013) (unpublished memorandum). On the evening of the shooting, Appellant was in his SUV outside the bar where he was meeting a different woman, Zina Bass, who had no connection to Victim. *Id.* at 2. After Bass got into Appellant's vehicle and Appellant began to drive away, Victim approached the SUV and began punching Appellant. *Id.* Appellant in response grabbed a gun that he had removed from SUV's glove compartment and put next to himself and shot Victim six times, once through the front of Victim's body in the right shoulder, and five times in the back. *Id.* at 2-3.

Appellant, who testified in his own defense, admitted shooting Victim but contended that he acted in self-defense. N.T. Trial at 380-94, 414. Bass testified at Appellant's preliminary hearing, and her testimony from the preliminary hearing was introduced at trial based on the stipulation of the Commonwealth and Appellant's trial counsel that she was unavailable. N.T. Trial at 83-104. In that testimony, Bass stated that after she got into Appellant's SUV and they started to pull out, a man came over to the SUV from across the street and began repeatedly punching and hitting Appellant in the face. *Id.* at 89-91, 101-04. Bass testified that that when the man started hitting Appellant, she was scared and wanted to get out of the SUV

and that she then heard gunshots, climbed out of a window of the SUV and ran back into the bar.  ***Id.*** at 89, 91-92, 103-04.

Appellant was sentenced to life imprisonment on November 5, 2008. Appellant filed a timely post-sentence motion, which the trial court denied, and a direct appeal.  This Court affirmed Appellant's judgment of sentence on March 29, 2010.  ***Commonwealth v. Brown***, 996 A.2d 536 (Pa. Super. 2010) (table).   Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on October 13, 2010.  ***Commonwealth v. Brown***, 8 A.3d 897 (Pa. 2010) (table).

On January 6, 2012, Appellant filed a timely, counseled first PCRA petition, asserting five claims of ineffective assistance of trial counsel, none of which related to Bass or her testimony.  The PCRA court denied this PCRA petition in its entirety without a hearing.  On appeal, this Court affirmed the dismissal of three of Appellant's PCRA claims but ruled that the PCRA court erred in dismissing the other two claims without an evidentiary hearing, vacated the dismissal of those two claims for PCRA relief, and remanded the case to the PCRA court.  ***Brown***, No. 94 MDA 2013, at 5-17.  On remand, the PCRA court held evidentiary hearings and denied both claims.  This Court affirmed the PCRA court on March 3, 2017, and Appellant filed a petition for allowance of appeal, which the Pennsylvania Supreme Court denied on July 27, 2017.  ***Commonwealth v. Brown***, 168 A.3d 283 (Pa. Super. 2017) (table), ***appeal denied***, 169 A.3d 1071 (Pa. 2017) (table).

On July 25, 2022, over 11 years after the conclusion of his direct appeal, Appellant filed the instant second PCRA petition, in which he asserted a claim of newly discovered evidence based on a statement that an investigator obtained from Zina Bass in March 2022 and a claim that trial counsel was ineffective for stipulating to Bass's unavailability and not calling her as a witness at trial. 2022 PCRA Petition at 3-11 & Appendix A. In the March 2022 statement, Bass described the events at the time of the shooting consistently with her preliminary hearing testimony at trial but made an additional assertion that before she heard gunshots, the man who was punching Appellant "grips something at his waist." *Id.* Appendix A.

On July 25, 2023, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss this PCRA petition without a hearing on the ground that, although it concluded that Bass's statement satisfied the PCRA's timeliness exception for newly discovered facts, neither of Appellant's claims for PCRA relief had merit because the additional information in Bass's statement would not have changed the jury's verdict. PCRA Court Rule 907 Order, 7/25/23, Opinion at 4-6. Appellant filed a response to the Rule 907 notice in which he argued that the Bass statement was exculpatory and made various arguments concerning what he contended the evidence at trial showed but did not seek to assert additional new PCRA claims or any claim that the PCRA judge should recuse himself. On August 11, 2023, the PCRA court entered an order

dismissing Appellant's second PCRA petition without a hearing. PCRA Court Order, 8/11/23. This timely appeal followed.

Appellant argues in this appeal (1) that the PCRA court erred in dismissing the claims for relief based on Bass's statement that he pled in his PCRA petition; (2) that the PCRA judge erred in not recusing himself; (3) that the PCRA court erred in dismissing his petition because he had a meritorious claim that trial counsel was ineffective for allegedly failing to present a defense of imperfect self-defense at trial; and (4) that the PCRA court erred in dismissing his petition because he had a meritorious claim that trial counsel was ineffective as a result of an alleged conflict of interest. Appellant's Brief at 4. We conclude that Appellant's first issue fails because he did not satisfy any exception to the PCRA's time bar[2] and that his other claims are waived by his failure to raise them in the PCRA court.

The PCRA provides that "[a]ny petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final." 42 Pa.C.S. § 9545(b)(1). A PCRA petition may be filed beyond that one-year time period only if the defendant pleads and proves one of the following three exceptions:

---

[2] While the reason for our conclusion that Appellant's claims in his PCRA petition were properly dismissed without a hearing differs from the trial court's reason for its decision, we may affirm a lower court on any valid basis, even if those grounds are different from those on which the court based its decision. **Commonwealth v. Smith**, 194 A.3d 126, 135 n.4 (Pa. Super. 2018); **Commonwealth v. Priovolos**, 746 A.2d 621, 626 n.6 (Pa. Super. 2000).

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* These exceptions can apply only if the defendant filed the PCRA petition "within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2). The PCRA's time limit is jurisdictional, and a court may not consider the merits of an untimely PCRA petition. *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017); *Commonwealth v. Fahy*, 737 A.2d 214, 22-23 (Pa. 1999); *Commonwealth v. Pew*, 189 A.3d 486, 488 (Pa. Super. 2018).

Appellant's judgment of sentence became final on January 11, 2011, upon expiration of the 90-day period to file a petition for certiorari to the United States Supreme Court following the October 13, 2010 denial of his petition for allowance of appeal. 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13; *Commonwealth v. Priovolos*, 746 A.2d 621, 625 (Pa. Super. 2000). The instant PCRA petition was filed on July 25, 2022, more than 11 years after the judgment became final and is therefore untimely unless Appellant alleged and proved one of the three limited exceptions set forth in Sections 9545(b)(1)(i)-

(iii) and that he filed this PCRA petition within one year after he first could have done so.

The only timeliness exception that Appellant has claimed that he satisfied is the exception for newly discovered facts, Section 9545(b)(1)(ii) of the PCRA. Appellant asserts, and the PCRA court agreed, that this exception is satisfied because Bass's statement is a new fact that was unknown to Appellant until the date that it was obtained in March 2022 and Appellant filed his second PCRA petition less than a year later. Those facts, however, are insufficient to make Appellant's PCRA petition timely.

The newly discovered facts exception applies only where the defendant shows both that he did not know the facts upon which he bases his PCRA petition and that he could not have learned of those facts earlier by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii); *Commonwealth v. Sanchez*, 204 A.3d 524, 526 (Pa. Super. 2019). Merely showing that the defendant did not learn of facts until shortly before the PCRA petition was filed, without any allegations and proof of timely efforts or inability to discover that information earlier, is insufficient to satisfy Section 9545(b)(1)(ii)'s exception for newly discovered facts. *Sanchez*, 204 A.3d at 526-27; *Pew*, 189 A.3d at 489-90; *Priovolos*, 746 A.2d at 625-26.

Appellant knew before his 2008 trial, from Bass's preliminary hearing testimony, that Bass was a witness with knowledge of what happened at the time of the shooting. Where, as here, the new fact is a recent statement from

a witness known to the defendant at the time of trial, the defendant cannot satisfy the newly discovered facts exception to the PCRA's time bar unless he sets forth reasons why he could not have interviewed the witness earlier or could not have obtained the statement earlier if he had sought to interview the witness promptly. *Commonwealth v. Smith*, 194 A.3d 126, 134-35 (Pa. Super. 2018); *Priovolos*, 746 A.2d at 625-26. Appellant did not plead that he made any attempt to contact or interview Bass before 2022, that Bass could not have been found, or that she was unwilling to give this statement before July 2021. To the contrary, Bass told the investigator who interviewed her in 2022 that her address was publicly available at the time of Appellant's trial and that she was previously contacted by an unknown attorney for a statement and gave a statement that she no longer has. 2022 PCRA Petition at 5 & Appendix A, Investigator's Report at 1-2. Moreover, nothing in the March 2022 statement supports an inference that Bass would have been unwilling to provide the additional information earlier, as her statement does not contradict her preliminary hearing testimony. Appellant therefore did not satisfy Section 9545(b)(1)(ii)'s exception for newly discovered facts, and his PCRA petition was time-barred.

Appellant alleges in his second issue that the PCRA judge, Edward M. Marsico, Jr., should have recused himself because he was the District Attorney at the time of Appellant's prosecution and trial. This claim fails because Appellant did not raise it in the PCRA court. A party seeking recusal or

disqualification of a judge must raise the objection at the earliest possible time, and failure to do so waives the recusal claim. ***Commonwealth v. Fletcher***, 307 A.3d 742, 748 (Pa. Super. 2023); ***Commonwealth v. McCullough***, 230 A.3d 1146, 1179 (Pa. Super. 2020). It was clear from the Rule 907 notice, which Appellant admits that he received on July 27, 2023, that Judge Marsico was the judge assigned to this PCRA petition. PCRA Court Rule 907 Order, 7/25/23; Motion for Extension of Time to Respond to Rule 907 Notice at 1. Appellant therefore could have moved at that time for recusal on the ground that Judge Marsico had been the District Attorney. Appellant, however, did not raise any claim that Judge Marsico should recuse himself in the response that he filed to the Rule 907 notice or at any time before the PCRA court dismissed his PCRA petition. Rather, he raised this issue for the first time in his Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal after he appealed the dismissal of the PCRA petition to this Court. Rule 1925(b) Statement, 9/20/23, ¶IV. Because Appellant could have raised his claim that Judge Marsico should recuse himself before Judge Marsico dismissed the PCRA petition and failed to raise recusal until after he appealed the dismissal, Appellant's recusal claim is waived. ***Commonwealth v. Luketic***, 162 A.3d 1149, 1157-59 (Pa. Super. 2017) (failure to specifically request that judge recuse himself before appeal waived recusal claim even though defendant did not learn of basis for recusal until his sentencing).

Appellant's remaining two issues, his claims concerning trial counsel's alleged failure to pursue imperfect self-defense and trial counsel's alleged conflict of interest are also waived. "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).[3] Appellant never raised either of these issues in the PCRA court. Appellant did not plead these claims of ineffective assistance of trial counsel in his PCRA petition. In addition, Appellant, in his response to the Rule 907 notice, neither asserted these claims nor sought to amend his PCRA petition to assert them. Instead, as with his recusal claim, Appellant raised these issues for the first time in his Rule 1925(b) concise statement. Rule 1925(b) Statement, 9/20/23, ¶¶III, V. Raising an issue for the first time in a Rule 1925(b) statement does not satisfy the requirement of Rule 302(a) that a party must raise all issues in the court of common pleas. *Steiner v. Markel*, 968 A.2d 1253, 1257 (Pa. 2009); *Commonwealth v. Jones*, 271 A.3d 452, 457 (Pa.

---

[3] While, in *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021), our Supreme Court recognized a narrow exception to this requirement under which some PCRA claims may be raised for the first time on appeal, that exception has no applicability here. *Bradley* only permits claims of ineffective assistance of PCRA counsel to be raised for the first time on appeal from the denial of a first PCRA petition where the PCRA counsel represented the defendant until the appeal. *Id.* at 401-05. Here, the claims that Appellant failed to raise are claims of trial counsel ineffectiveness, not ineffectiveness of PCRA counsel, and nothing prevented Appellant from raising them in the PCRA court, as he was *pro se*, not represented by any counsel whose conduct could be alleged to have been ineffective. In addition, this is an appeal from the dismissal of a second PCRA petition, not a first PCRA petition.

Super. 2021); *Commonwealth v. Rodriguez*, 174 A.3d 1130, 1145-46 & nn.6 & 8 (Pa. Super. 2017).

For the foregoing reasons, we conclude that Appellant did not show that any exception to the PCRA's one-year time limit applies to his second PCRA petition and that the PCRA petition, filed more than 11 years after his judgment of sentence became final, is barred as untimely. In addition, all of the other issues that Appellant seeks to raise in this appeal are waived. Accordingly, we affirm the PCRA court's dismissal of Appellant's second PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 08/15/2024