J-S41035-23

2023 PA Super 270

COMMONWEALTH OF PENNSYLVANIA　：　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　：　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　：
　　　　　　v.　　　　　　　　：
　　　　　　　　　　　　　　　：
　　　　　　　　　　　　　　　：
ANTHONY FLETCHER　　　　　　：
　　　　　　　　　　　　　　　：
　　　　　　Appellant　　　　　：　　No. 144 WDA 2023

Appeal from the Judgment of Sentence Entered January 6, 2023
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s): CP-02-CR-0004877-2021

BEFORE: PANELLA, P.J., OLSON, J., and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED: December 20, 2023**

Anthony Fletcher appeals from the January 6, 2023 aggregate judgment of sentence of 50 to 100 years' imprisonment, to be followed by 85 years' probation, imposed after he was found guilty of 174 counts related to the prolonged sexual abuse of his stepdaughter and his possession of child pornography. After careful review, we affirm the judgment of sentence.

The relevant facts and procedural history of this case, as gleaned from the certified record, are as follows: On April 20, 2021, the Pennsylvania State Police executed a search warrant at Appellant's home after the National Center for Missing and Exploited Children received a report in February 2021 that an image of child pornography had been uploaded at the IP address associated with the residence. A subsequent search of the electronic devices found in

_____

[*] Former Justice specially assigned to the Superior Court.

Appellant's home yielded a litany of images of child pornography as well as multiple videos of Appellant having sex with an unconscious minor. Further investigation revealed that Appellant had drugged and sexually assaulted his stepdaughter on multiple occasions between 2013 and 2021.

On July 7, 2021, Appellant was charged with 219 offenses, including multiple counts of rape of an unconscious person.[1] On March 3, 2022, Appellant filed an **omnibus** pre-trial motion to suppress the evidence obtained from the search of his residence. The trial court denied Appellant's suppression motion on July 20, 2022. That same day, Appellant waived his right to a jury and proceeded to a bench trial before the Honorable Jill E. Rangos.

Following a one-day bench trial, Appellant was found guilty of the following 174 charges: 25 counts of rape of an unconscious person; 15 counts of involuntary deviate sexual intercourse with an unconscious person; 27 counts of sexual assault; 6 counts of aggravated indecent assault of an unconscious person; 24 counts of indecent assault of an unconscious person; 8 counts of endangering welfare of children; 7 counts of corruption of minors; 16 counts of photographing, videotaping, depicting on computer or filming sexual acts; 8 counts of possession of child pornography; 8 counts of unlawful

---

[1] 45 counts were later withdrawn.

contact with a minor; and 30 counts of invasion of privacy.[2]  On January 6, 2023, the trial court sentenced Appellant to an aggregate term of 50 to 100 years' imprisonment, to be followed by 85 years' probation.  This timely appeal followed on February 1, 2023.[3]

Appellant raises the following issues for our review:

1. Whether the trial court erred when it denied [Appellant's] pretrial motion to suppress evidence when the Commonwealth failed to demonstrate that the search warrant contained sufficient probable cause?

2. Whether the trial court erred in denying [Appellant's] request for a **Franks**[4] hearing?

3. Whether the [trial court] erred in denying [Appellant's] motion to recuse?

Appellant's brief at 3.

## I.  Probable Cause to Support the Search Warrant

Appellant first argues that the trial court erred in denying his motion to suppress the evidence found in his residence because the search warrant was not supported by the requisite level of probable cause.  **Id.** at 11.  We disagree.

_____

[2] 18 Pa.C.S.A. §§ 3121(a)(3), 3123(a)(3), 3124.1, 3125(a)(4), 3126(a)(4), 4304(a)(1), 6301(a)(1)(i), 6312(b)(1) and (2), 6312(d), 6318(a)(1), and 7507.1(a)(1), respectively.

[3] Appellant and the trial court have complied with Pa.R.A.P. 1925.

[4] **Franks v. Delaware**, 438 U.S. 154 (1978).

Our standard of review in addressing a challenge to a denial of a suppression motion is well settled.

> [Our] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those] findings and may reverse only if the court's legal conclusions are erroneous.

***Commonwealth v. Jones***, 121 A.3d 524, 526 (Pa.Super. 2015) (citation omitted; brackets in original), ***appeal denied***, 135 A.3d 584 (Pa. 2016).

"Both the Fourth Amendment of the United States Constitution and Article 1, Section 8 of the Pennsylvania Constitution guarantee an individual's freedom from unreasonable searches and seizures." ***Commonwealth v. Bostick***, 958 A.2d 543, 550 (Pa.Super. 2008) (citation and internal quotation marks omitted), ***appeal denied***, 987 A.2d 158 (Pa. 2009); ***see also*** U.S. Const. amend. IV.

> Under the federal and state constitutional prohibitions of unreasonable searches and seizures, both the United States Supreme Court and this Court have consistently held that, subject to certain exceptions, a search is constitutionally invalid unless it is conducted pursuant to a warrant issued by a neutral and detached magistrate and supported by probable cause. Probable cause exists where, based upon a totality of the circumstances set forth in the affidavit

- 4 -

of probable cause, including the reliability and veracity of hearsay statements included therein, there is a fair probability that ... evidence of a crime will be found in a particular place. In reviewing an issuing authority's decision to issue a warrant, a suppression court must affirm unless the issuing authority had no substantial basis for its decision. On appeal, this Court affirms the decision of the suppression court unless it commits an error of law or makes a factual finding without record support.

*Commonwealth v. Lyons*, 79 A.3d 1053, 1063–1064 (Pa. 2013) (citations and internal quotation marks omitted), *cert. denied*, 572 U.S. 1048 (2014).

In *Commonwealth v. Harlan*, 208 A.3d 497, 499 (Pa.Super 2019), this Court "emphasize[d] that 'the totality of the circumstances' set forth in the affidavit must be considered when examining whether probable cause supports the issuance of the search warrant." *Id.* at 505. The *Harlan* Court noted:

[T]he question of whether probable cause exists for the issuance of a search warrant must be answered according to the totality of the circumstances test articulated in *Commonwealth v. Gray*, [503 A.2d 921 (Pa. 1985)], and its Pennsylvania progeny, which incorporates the reasoning of the United States Supreme Court in *Illinois v. Gates*, [462 U.S. 213 (1983)].... The task of the magistrate acting as the issuing authority is to make a practical, common sense assessment of whether, given all the circumstances set forth in the affidavit, a fair probability exists that contraband or evidence of a crime will be found in a particular place. A search warrant is defective if the issuing authority has not been supplied with the necessary information. The chronology established by the affidavit of probable cause must be evaluated according to a common sense determination.

- 5 -

Further, probable cause is based on a finding of the probability, not a *prima facie* showing, of criminal activity, and deference is to be accorded a magistrate's finding of probable cause. We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.

*Harlan*, 208 A.3d at 505 (internal citation formatting amended; some citations omitted).

In both his March 3, 2022 suppression motion and subsequent Rule 1925(b) statement, Appellant detailed his claim of error relating to the insufficiency of the application for the search warrant. *See* Motion to Suppress, 3/3/22 at ¶¶ 12(a)-(c); *see also* Pa.R.A.P. 1925(b) statement, 2/21/23 at 2-3. The trial court addressed Appellant's claim of error in its May 18, 2023 opinion, rejecting his assertion that the time between the upload of the child pornography image and the search of his residence was too far apart for the warrant to be supported by probable cause.

The trial court noted that the affidavit of probable cause included a nauseatingly-detailed description of the child pornography image uploaded from a specific IP address, along with verification from Verizon that this IP address was assigned to Appellant's home. The trial court stated:

[T]he warrant in question indicated that Microsoft reported an image of child pornography to the National Center for Missing and Exploited Children which was uploaded from a specific IP address on February 2, 2021. The file was a photograph of a nude female approximately 5-8 years old, being penetrated by two adult males. A second nude female child,

- 6 -

approximately 3-5 years old, appears in the background of the same photo. The IP address is assigned to Verizon. On March 12, 2021, Verizon identified the subscriber as Appellant, and the physical address corresponding to the IP address as [redacted], an address confirmed to be that of Appellant. The affidavit of probable cause further states that, based upon the officer's experience and training, one image of child pornography is typically indicative of a larger collection, which is often secreted in a secure and private location, and may be contained in devices as small as a micro-SD card. The affiant signed the affidavit on April 19, 2021, a period of approximately two-and one-half months from the date the image was uploaded.

Trial court opinion, 5/18/23 at 3-4.

The court then concluded that unlike in drug possession cases, "[i]mages of child pornography … are rarely disposed and often retained on computers or other storage devices for prolonged periods of time. Thus, evidence of child pornography sent nine and a half months earlier supported a search of a residence." *Id.* at 4. Based on our review, we find the trial court's factual findings are supported by the record and its legal conclusions are free of error. Therefore, we shall not disturb the trial court's ruling.

## II. *Franks* Hearing

Appellant next argues that the trial court erred in denying his request for a *Franks* hearing, based upon his assertion that "[t]he affiant intentionally included a characterization of the internet user [at his residence] as a collector of child pornography[,]" despite having no evidence of such. Appellant's brief at 30-31. This claim is belied by the record.

As the Pennsylvania Supreme Court recognized in **Commonwealth v. Iannoccio**, 480 A.2d 966 (Pa. 1984):

> [**Franks**] held that, where a defendant makes a substantial preliminary showing that a false statement was knowingly and deliberately, or with reckless disregard for the truth, included by an affiant in his application for a search warrant and where the alleged false statement was necessary to a finding of probable cause, the Fourth Amendment requires that a hearing be held at defendant's request so that he might challenge the veracity and integrity of the warrant.

**Id.** at 974 n.4. In **Franks**, the United States Supreme Court further held that, **"[t]o mandate an evidentiary hearing … [t]here must be allegations of deliberate falsehood or of reckless disregard for the truth**[.]" **Franks**, 438 U.S. at 171 (emphasis added).

Following our independent review of the record, we agree with the trial court's determination that a **Franks** hearing was not warranted in this matter. **See** trial court opinion, 5/18/23 at 4-5. The record establishes that the affidavit in question does not contain a material misstatement of fact, let alone a knowingly false statement. On the contrary, the affidavit makes a general statement based on the experience and training of the affiant, Trooper Thomas J. Maloney, regarding the typical behavior of individuals who possess child pornography. Namely, Trooper Maloney noted that it is often the case that someone who has uploaded one image of child pornography will typically have additional images of child pornography in their possession, which are often secured in private location or on a micro-SD card. **See** Application for Search

Warrant - Affidavit of Probable Cause, 4/19/21 at 7-8. Accordingly, Appellant's second claim of trial court error must fail.

### III. Motion to Recuse

In his final claim, Appellant argues that the Honorable Jill E. Rangos was biased against him and erred by denying his motion that she recuse herself. Appellant's brief at 32. For the reasons that follow, we find that Appellant has waived this claim.

> Our standard of review of a trial court's determination not to recuse from hearing a case is exceptionally deferential. We recognize that our trial judges are honorable, fair and competent, and although we employ an abuse of discretion standard, we do so recognizing that the judge himself is best qualified to gauge his ability to preside impartially.

*Commonwealth v. Harris*, 979 A.2d 387, 391–392 (Pa.Super. 2009) (citations and internal quotation marks omitted).

It is well settled that "[j]udicial bias may not be raised for the first time during post-trial proceedings." *Crawford v. Crawford*, 633 A.2d 155, 160 (Pa.Super. 1993) (citation omitted). On the contrary, a party seeking recusal or disqualification on the basis of judicial bias or impartiality "must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred." *Commonwealth v. Stafford*, 749 A.2d 489, 501 (Pa.Super. 2000) (citation and internal quotation marks omitted), *appeal denied*, 795 A.2d 975 (Pa. 2000). The failure to timely move for a judge's recusal after the facts allegedly establishing bias come to a

defendant's attention renders the judicial bias claim waived. ***See Commonwealth v. Johnson***, 719 A.2d 778, 790 (Pa.Super. 1998), ***appeal denied***, 739 A.2d 1056 (Pa. 1999).

Instantly, we find that Appellant failed to raise his claim of judicial bias at the earliest possible opportunity. The record reflects that Appellant's counsel made an oral recusal motion on Appellant's behalf on January 6, 2023, the date of the sentencing hearing, and Appellant filed a ***pro se*** "Petition for Disqualification (Recusal) of Judge [Rangos]" the prior day. Both of these motions were made over a year after Judge Rangos entered her first order in this matter, and nearly 6 months after the conclusion of Appellant's non-jury trial, on July 20, 2022. Accordingly, Appellant's recusal claim was clearly time-barred and its denial by the trial court was warranted.

For all the forgoing reasons, we affirm the trial court's January 6, 2023 judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

12/20/2023

- 10 -