J-A15014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TROY ALLAN LAWSON :
:
Appellant : No. 1403 MDA 2023

Appeal from the Judgment of Sentence Entered July 25, 2023
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0000899-2022

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED JULY 23, 2024**

Troy Lawson ("Appellant") appeals from the judgment of sentence of
25-50 years' incarceration after a jury found him guilty of 189 counts of Sexual
Abuse of Children -- Child Pornography.[1] He challenges the denial of his Motion
to Suppress, asserting that the search warrant was not supported by probable
cause. After careful review, we affirm.

**A.**

We glean the following relevant background from the certified record.
On December 6, 2021, Appellant's 14-year-old daughter ("A.L.") and her
mother, Tammy Lawson, reported to the Williamsport Bureau of Police that
A.L. had found suspicious material on Appellant's cell phone two days earlier.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6312(d).

Specifically, A.L. told Officer Damon Cole that she had gone to Panda Express to meet Appellant, her father. While there, A.L. asked to borrow Appellant's phone, which he allowed. She discovered that the phone contained a photo of a 12- or 13-year-old girl crawling in a bikini, and internet browsing history that included searches such as "hot teen boys blowjob," "young boys with big dicks do it in threesome" and "boysexlube.tv/watch/1219." She told Officer Cole that she took screen shots of Appellant's phone showing the photo and the internet browsing history and showed them to him.

Based on this report, Officer Cole drafted an affidavit of probable cause, citing the photo provided by Appellant's daughter and the screen shot of Appellant's browser history, and applied for a warrant to search Appellant and seize his cell phone in order to seize "data showing internet searches for child pornography, imagines or videos that meet the definition of child pornography." Application for Search Warrant and Authorization, dated 12/6/21, at Attachment A. The Lycoming County Court granted the application on December 6, 2021 ("Initial Search Warrant").

On March 30, 2022, Officer Cole filed a second application to search Appellant's phone for any electronic information related to Appellant's obtaining child pornography. The affidavit of probable cause contained the same information that was in the previous affidavit of probable cause, in addition to Appellant's statement that he had "pictures" of teenage girls in bikinis on his cellphone and that he had "nothing to hide." The court granted the second application ("Second Search Warrant"). Officer Cole executed the

warrant on April 4, 2022, and recovered 400 images of pre-pubescent female children, including photos of them nude, in their underwear, and posing provocatively. On May 27, 2022, the Commonwealth charged Appellant with 189 counts of Sexual Abuse of Children – Child Pornography.[2]

On March 7, 2023, Appellant filed an Omnibus Pretrial Motion to Suppress, claiming that the search warrants were not supported by probable cause. Two days later, the trial court denied the motion after a hearing.

Appellant proceeded to trial and on March 17, 2023, a jury found him guilty of all 189 counts of Sexual Abuse of Children – Child Pornography. On July 25, 2023, the court sentenced Appellant to an aggregate of 50-100 years' incarceration, comprised of 25-50 years' incarceration for each of the 189 counts, with the sentences on the first two counts to run consecutively to one another and the remaining counts to run concurrently. However, Appellant filed a Post Sentence Motion to Modify the Sentence, which the court granted, imposing the same sentences for each count and directing they each run concurrent to the first count, thus limiting the aggregate sentence to 25-50 years' incarceration.

---

[2] "Any person who intentionally views or knowingly possesses or controls any book, magazine, pamphlet, slide, photograph, film, videotape, computer depiction or other material depicting a child under the age of 18 years engaging in a prohibited sexual act or in the simulation of such act commits an offense." 18 Pa.C.S. § 6312(d).

Appellant filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Statement. The trial court filed a responsive Rule 1925(a) Opinion concluding that probable cause supported both search warrants.

**B.**

Appellant presents the following issue for this Court's review:

> Did the [t]rial court err in denying the Appellant's Pre-Trial Omnibus Motion *Nunc Pro Tunc* to suppress evidence obtained by search warrants dated December 6, 2021, and March 30, 2022?

Appellant's Br. at 4.

**C.**

Our review of "a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct." ***Commonwealth v. Jones***, 988 A.2d 649, 654 (Pa. 2010). This Court is "bound by the factual findings of the suppression court," but we are not bound by its legal conclusions, which we review *de novo*. ***Commonwealth v. Briggs***, 12 A.3d 291, 320-21 (Pa. 2011). We may only review "the evidence presented at the suppression hearing when examining a ruling on a pre-trial motion to suppress." ***Commonwealth v. Harlan***, 208 A.3d 497, 499 (Pa. Super. 2019) (citation omitted).

"Probable cause exists where, based upon a totality of the circumstances set forth in the affidavit of probable cause, including the reliability and veracity of hearsay statements included therein, there is a fair probability that . . .

evidence of a crime will be found in a particular place." ***Commonwealth v. Fletcher***, 307 A.3d 742, 746 (Pa. Super. 2023) (citation omitted). "The task of the issuing magistrate is simply to make a practical, common-sense decision . . .. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." ***Commonwealth v. Gray***, 503 A.2d 921, 925 (Pa. 1985) (internal quotation marks, brackets, and ellipsis omitted) (quoting ***Illinois v. Gates***, 462 U.S. 213, 238-39(1983)).

## D.

Here, Appellant contends that the Initial Search Warrant was not supported by probable cause because the content discovered by his daughter was not illegal. Appellant's Br. at 15. Specifically, he contends that because photos of young girls in bikinis are common in advertising, one photo of a pre-pubescent girl in a bikini is not indicative of child pornography. ***Id***. Appellant also argues that the phrases contained in the browser history photographed by his daughter "are not illegal on their face" and "one would have to use hyper technicalities to construe these terms as being someone searching for inappropriate images of children." ***Id.***, at 16.

In its Rule 1925(a) Opinion, the court explained that it denied Appellant's motion to suppress because the photo on Appellant's phone together with the browser search history led to a "common-sense decision that there is a fair – I would render a high probability that contraband or

evidence of a crime related to child pornography existed on the [Appellant's] cellphone." *Id*. at 4. *See also* N.T. Suppression, 3/9/23 at 13.

Following our review, we find the record supports the trial court's factual findings and the court properly applied the law to the facts. The affidavits supporting the search warrants contained sufficient information to conclude that there was a "fair probability" that the phone contained child pornography. Contrary to Appellant's arguments, the photo of the young girl in the bikini combined with the internet search terms "young boys with big dicks do it in a threesome," "mom allowed daughter to pose," and "hot teen boys blowjobs," do not require a "hyper technical" construction to conclude that probable cause existed that Appellant's phone contained child pornography and thus, supported the search of Appellant's cell phone for evidence of child pornography.

Appellant also contends that the court erred in denying his motion to suppress because the "December 6, 2021 search warrant makes no statements to the reliability of the statements made by the Appellant's daughter." Appellant's Br. at 17. In support, Appellant cites case law involving information provided by unnamed informants, not named sources. *Id.* at 17, citing *Commonwealth v. Gindlesperger*, 706 A.2d 1216, 1225 (Pa. Super. 1997), and *Commonwealth v. Gray*, 469 A.2d 169, 174 (Pa. Super. 1983). These cases are inapposite.

Here, the source of the information was Appellant's daughter, a named source, not a confidential informant. Further, she provided evidence to corroborate her information to Officer Cole, which he references in his affidavit of probable cause. Appellant presented no evidence or argument at the suppression hearing that his daughter was not reliable, not to be believed, or that the photos she presented to police officers were not of his cell phone. Appellant's argument is meritless.

In conclusion, the affidavits of probable cause contained sufficient information from which to conclude that there was a fair probability that evidence of a crime would be found on Appellant's cell phone. The record supports the suppression court's factual findings, and the court properly applied the law to the facts. We affirm Appellant's judgment of sentence.

Judgment of Sentence Affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/23/2024