J-S10022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| WILLIAM JOSEPH HUTH | : | |
| | : | |
| Appellant | : | No. 1426 MDA 2024 |

Appeal from the PCRA Order Entered September 12, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0000321-2022

BEFORE:  BOWES, J., OLSON, J., and SULLIVAN, J.

MEMORANDUM BY OLSON, J.:                    **FILED: APRIL 1, 2025**

Appellant, William Joseph Huth, appeals from the order entered on September 12, 2024, which denied his petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On September 14, 2023, Appellant proceeded to a non-jury trial and, at the conclusion of the trial, the trial court found Appellant guilty of strangulation, simple assault, and theft by unlawful taking.[1]  On October 24, 2023, the trial court sentenced Appellant to serve an aggregate term of 54 to 108 months in prison for his convictions.  Appellant filed a timely notice of appeal from his judgment of sentence.  On March 11, 2024, however, Appellant filed a *praecipe* to withdraw his direct appeal in this Court.  ***See*** *Praecipe* to Withdraw Appeal at 1553 MDA 2023, 3/11/24, at 1.

---

[1] 18 Pa.C.S.A. §§ 2718(a)(1), 2701(a)(1), and 3921(a), respectively.

On April 8, 2024, Appellant, through counsel, filed a timely, first PCRA petition. Within this petition Appellant raised a number of claims, including that his trial counsel (hereinafter "Trial Counsel") was ineffective for failing to "explain[] to [Appellant] [*voir*] *dire*." **See** Appellant's Brief in Support of PCRA Petition, 8/5/24, at 2.

On July 22, 2024, the PCRA court held an evidentiary hearing on Appellant's petition, where both Appellant and Trial Counsel testified.

As the PCRA court explained, during the hearing:

> Appellant testified that he was never informed as to how a jury is selected or how jury selection works at all. He testified that he had essentially "no clue" regarding jury selection. . . .
>
> [Trial Counsel] testified that it was [Appellant's] idea to pursue a non-jury trial; specifically, Appellant wanted a non-jury trial because he felt that jurors would hold his father's bad reputation against him. [Trial Counsel] testified that he recalled discussing generally what happens at a trial, including picking a jury. In addition, Appellant and [Trial Counsel] had previously completed extensive guilty plea paperwork because [Appellant] had been ready to take a plea offer prior to withdrawing it and proceeding to the non-jury trial, which he did against [Trial Counsel's] advice. [Trial Counsel] testified that as part of the guilty plea colloquy, he explained jury selection to Appellant. At the evidentiary hearing, on cross-examination regarding the guilty plea colloquy, Appellant stated "I guess it's my fault for not reading it."

PCRA Court Opinion, 9/12/24, at 3.

The trial court denied Appellant's PCRA petition on September 12, 2024 and Appellant filed a timely notice of appeal. Appellant raises two claims on appeal:

[1.] Whether [Trial Counsel] was ineffective in his explanation of jury selection to [Appellant]?

[2.] Whether [the PCRA court] improperly decided the PCRA [petition] without consideration of the evidence presented?

Appellant's Brief at 4.

"We review a ruling by the PCRA court to determine whether it is supported by the record and is free of legal error. Our standard of review of a PCRA court's legal conclusions is *de novo*." **Commonwealth v. Cousar**, 154 A.3d 287, 296 (Pa. 2017) (citations omitted). However, we afford "great deference" to the PCRA court's credibility determinations. **Commonwealth v. Flor**, 259 A.3d 891, 910-911 (Pa. 2021). As our Supreme Court has explained:

> We will not disturb the findings of the PCRA court if they are supported by the record, even where the record could support a contrary holding. [An appellate court's] scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Id.* (quotation marks and citations omitted).

To be eligible for relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from "one or more" of the seven, specifically enumerated circumstances listed in 42 Pa.C.S.A. § 9543(a)(2). One of these statutorily enumerated circumstances is the "[i]neffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining

process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii).

Counsel is presumed to have been effective and "the burden of demonstrating ineffectiveness rests on [A]ppellant." *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that:

> (1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different.

*Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). As this Court has explained:

> A claim has arguable merit where the factual averments, if accurate, could establish cause for relief. *See Commonwealth v. Jones*, 876 A.2d 380, 385 (Pa. 2005) ("if a petitioner raises allegations, which, even if accepted as true, do not establish the underlying claim . . . , he or she will have failed to establish the arguable merit prong related to the claim"). Whether the facts rise to the level of arguable merit is a legal determination.
>
> The test for deciding whether counsel had a reasonable basis for his action or inaction is whether no competent counsel would have chosen that action or inaction, or, the alternative, not chosen, offered a significantly greater potential chance of success. Counsel's decisions will be considered reasonable if they effectuated his client's interests. We do not employ a hindsight analysis in comparing trial counsel's actions with other efforts he may have taken.
>
> Prejudice is established if there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a

probability sufficient to undermine confidence in the outcome.

*Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (some quotation marks and citations omitted). "A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim." *Id.*

On appeal, Appellant claims that Trial Counsel was ineffective, as counsel failed to properly explain jury selection to Appellant. The PCRA court held an evidentiary hearing on this issue and determined that Trial Counsel, in fact, explained to Appellant the mechanics of jury selection. As the PCRA court explained:

> [Appellant's claim that Trial Counsel failed to explain *voir dire* has] no arguable merit. [The PCRA court] find[s Trial Counsel's] testimony to be far more credible than Appellant's. [Trial Counsel] testified that he recalled discussing generally what happens at a trial, including picking a jury, with Appellant. He discussed the guilty plea colloquy in detail with Appellant, which included discussing jury selection. [During the PCRA hearing,] Appellant admit[ted] that it was his own fault that he did not read the guilty plea colloquy. . . .
>
> Testimony from the evidentiary hearing showed that Appellant and [Trial Counsel] disagreed with who wanted to go to a non-jury trial; however, [the PCRA court] find[s] that [Trial Counsel's] testimony was far more credible than Appellant's. For Appellant to testify that he had no clue regarding jury selection is simply not believable.

PCRA Court Opinion, 9/12/24, at 5-6.

The PCRA court's credibility determinations are supported by the record and are thus binding on this Court. *See Flor*, 259 A.3d at 910-911. Certainly, we note that, prior to Appellant's bench trial, Appellant also answered and

signed an "Explanation of Defendant's Rights; Non-Jury Trial," where he declared the following:

> 1. Do you understand that you are entitled, under the Constitution of the United Staes and the Constitution of Pennsylvania, to a trial by jury on these charges? <u>Yes</u>

> 2. Do you understand that you would participate, along with your attorney and the Attorney for the Commonwealth assigned to prosecute your case in the selection of that jury to be chosen from members of this community, that being Schuylkill County? <u>Yes</u>

> 3. You would have the right to challenge members of the jury panel. This means that you would have the right to keep certain persons on the jury panel from being members of the jury in your case. You would have as many challenges for cause as the Court would approve. A challenge for cause is some good reason why a member of the jury panel could not sit as a fair and impartial juror in your case. You would also have (5 if misdemeanor, 7 if felony) peremptory challenges. A peremptory challenge is one which you do not have to give any reason at all to prevent a member of the jury panel from being a member of the jury in your case. Do you understand this? <u>Yes</u>

> 4. Do you understand that all twelve members of the jury so selected would have to find and vote for your guilt before you could be adjudicated guilty, that is, their verdict for your conviction would have to be unanimous? <u>Yes</u>

> . . .

> 7. Have you discussed with your attorney your intention to waive your constitutional right to a trial by jury and proceed in what we call a non-jury trial before a judge only, who will decide your guilt or innocence from the evidence presented? <u>Yes</u>

> 8. Knowing all of this and having discussed your rights with your attorney, it is the Court's understanding that you voluntarily wish to waive your constitutional right to a jury

> trial and proceed to trial before a judge without a jury, is that correct?  Yes
>
> 9. Do you completely understand these proceedings today? Yes
>
> . . .
>
> 14. Are there any further questions concerning your right to a jury trial, your waiver of that right, or the charges against you, which you would like to ask the court?  No
>
> /s [Appellant]            9-7-23
> Signature of Defendant    Date

Appellant's Explanation of Defendant's Rights; Non-Jury Trial, 9/7/23, at 1-2.

We thus agree with the PCRA court and conclude that Appellant's first claim on appeal fails, as it has no arguable merit.

Next, Appellant claims that the PCRA court "improperly decided the PCRA [petition] without consideration of the evidence presented."  **See** Appellant's Brief at 4.  Appellant grounds this claim on the fact that, **at sentencing**, the judge told Appellant that, "**if Appellant filed a post-sentence motion**, [the judge] would deny it." **See id.** at 11 (emphasis added); **see also** N.T. Sentencing, 10/24/23, at 36-37 (noting that, if Appellant were to file a post-sentence motion, the judge would "be denying that").

Appellant claims that the judge's comment indicated that the judge was pre-disposed to deny his PCRA petition.  This claim is baseless, as the judge was speaking to a post-sentence motion – not a PCRA petition.  The claim is also unfounded because Appellant never requested that the judge recuse

himself from the PCRA proceedings and the record on appeal reflects that the PCRA judge acted in a fair, patient, and impartial manner throughout these proceedings. *See Commonwealth v. Fletcher*, 307 A.3d 742, 748 (Pa. Super. 2023) ("a party seeking recusal or disqualification on the basis of judicial bias or impartiality must raise the objection at the earliest possible moment, or that party will suffer the consequence of being time barred") (quotation marks and citations omitted). Appellant's claim to the contrary is frivolous.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 04/01/2025