J-S47007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MICHAEL MILLHOUSE | : | |
| | : | |
| Appellant | : | No. 1325 EDA 2024 |

Appeal from the Judgment of Sentence Entered November 30, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006832-2021

BEFORE: PANELLA, P.J.E., OLSON, J., and BECK, J.

MEMORANDUM BY PANELLA, P.J.E.:           **FILED MARCH 19, 2026**

Michael Millhouse appeals from the judgment of sentence entered in the Court of Common Pleas of Philadelphia County on his convictions of possession of a controlled substance with intent to deliver (PWID), possession of a controlled substance, possession of drug paraphernalia, and possession of a firearm by a person prohibited.[1] Millhouse challenges the sufficiency of the evidence, the weight of the evidence, the factual basis of the search warrant, and the constitutionality of Section 6105 as applied to him. His arguments are without merit, and therefore we affirm.

The trial court briefly set forth the factual and procedural history.

On May 21, 2020, and May 22, 2020. Officer Ernest Brown ("Officer Brown"), Officer Jeremy Olesik ("Officer Olesik"), and Officer Louis Hardy ("Officer Hardy") conducted a narcotics

_____

[1] 35 P.S. § 780-113(a)(30), 35 P.S. § 780-113(a)(16), 35 P.S. § 780-113(a)(32), and 18 Pa.C.S.A. § 6105(a)(1), respectively.

investigation during which they made a controlled purchase of marijuana from [Millhouse], arrested [Millhouse], and executed a search warrant on his residence at 5126 Ranstead Street in the City and County of Philadelphia. [On Millhouse's person and in his residence, officers found 15.68 grams of marijuana, 81 methamphetamine pills, a digital scale, containers, a marijuana grinder, $75 in cash, and an operational firearm.[2]]

[Millhouse filed a motion challenging the four corners of the search warrant. A hearing was held on July 25, 2022. The trial court denied the motion stating that "[t]here's no information whatsoever in the record of any fabrication [by the officers,] and based on the court's review of the warrant "there was probable cause and reasonable suspicion for the issuance of the warrant." N.T., 7/25/22, at 9-10.

Millhouse filed a motion to suppress. On September 9, 2022, a suppression hearing was held. The trial court denied the motion to suppress, in relevant part, because "[t]he officers had reasonable suspicion and probable cause to arrest [Millhouse], search [Millhouse] and execute the warrant on the house." N.T., 9/9/22, at 68.

Trial commenced on September 12, 2023.] The jury convicted on all charges except for the possession of an instrument of crime [("PIC")] and, on November 30, 2023, th[e trial] court sentenced [Millhouse] to one to two years' incarceration with credit for time served, followed by two years' reporting probation along with drug and alcohol evaluation. On December 8, 2023, [Millhouse] filed a Motion for a New Trial arguing that the verdicts were against the weight of the trial evidence and challenging the sufficiency of the evidence presented for the drug charges and 6105 firearm charge. [Millhouse's] motion was denied by operation of law on April 15, 2024. [Millhouse] filed his Notice of Appeal on May 13, 2024, delineating his grounds for appeal.

Trial Court Opinion, 3/4/25, at 2.

_____

[2] Initially, the officers thought the pills were "ecstasy", but later lab testing revealed that the pills contained methamphetamine. The parties and the trial court refer to the pills as "ecstasy" and methamphetamine interchangeably. For the sake of accuracy, we refer to the narcotics as methamphetamine.

Thereafter, Millhouse and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925. *See* Pa.R.A.P. 1925(a)-(b).

Millhouse raises the following issues for our review.

1) Was the evidence insufficient to sustain the guilty verdicts for PWID ([methamphetamine]) and VUFA-6105, for the following reasons:

> A. VUFA-6105 as a Felony-1: [Millhouse's] prior conviction establishing ineligibility was for a drug offense, and the evidence did not establish that the firearm was on [Millhouse's] person or within reach, therefore the evidence did not prove the gradation as a Felony-1.

> B. PWID ([methamphetamine]): the evidence was insufficient to establish [Millhouse] possessed [methamphetamine] under circumstances proving any intent to distribute, as none of the paraphernalia recovered was that used for distributing [methamphetamine], there were no sales of [methamphetamine] and no expert testimony establishing intent to distribute. At most, the evidence established simple possession?

2) Were the guilty verdicts against the weight of the evidence, for the following reasons:

> A. PWID: there was no video of any sales, no forensic evidence connecting [Millhouse] to any controlled substances purportedly sold, no pre-recorded buy money recovered, and police testimony was materially inconsistent and unreliable to include varying descriptions of what the alleged seller was wearing. The foregoing coupled with no expert testimony establishing possession with the intent to distribute, further disproved the offense of PWID.

> B. VUFA-6105: there was no forensic evidence connecting [Millhouse] to the firearm, the evidence disproved that the firearm was on his person and disproved it was even within his reach. Moreover, as

[Millhouse] was acquitted of possessing the firearm with the intent to employ it criminally (PIC), the evidence therefore disproved that he possessed it at all as the allegation was that it was possessed in furtherance of the drug trade?

3) [Whether] the suppression court erred in denying the motion to suppress any evidence, as there lacked reasonable suspicion or probable cause to seize and search [Millhouse], and there lacked probable cause to search the home, which was based on a search warrant unsupported by a factual basis that any drugs were being sold out of the home?

4) Did the VUFA-6105 conviction violate [Millhouse's] right to bear arms pursuant to the 2nd Amendment as incorporated by the 14th Amendment to the US Constitution, where his ineligibility to possess a firearm stemmed from a non-violent 2015 PWID conviction, and where there is no historical tradition in Pennsylvania to permanently disarm non-violent offenders, such as [Millhouse]?

Appellant's Brief, at 9-10 (renumbered).

In his first issue, Millhouse challenges the sufficiency of the evidence for his PWID and Section 6105 convictions. Specifically, Millhouse argues that the evidence was insufficient to establish that he possessed the methamphetamine pills with the intent to distribute them, as opposed to use them for personal use, and that the Commonwealth failed to establish possession of the firearm because he was not in physical control of the firearm and it was not within his reach. *See* Appellant's Brief, at 33-37.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient

- 4 -

as a matter of law. When reviewing a sufficiency claim, the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. McClelland*, 204 A.3d 436, 441 (Pa. Super. 2019) (citation and brackets omitted).

"When determining whether an individual in possession of drugs intended to deliver them, the starting point is the quantity possessed." *Commonwealth v. Brockman*, 167 A.3d 29, 39 (Pa. Super. 2017). "If the quantity of the controlled substance is not dispositive as to the intent, the court may look to other factors." *Commonwealth v. Roberts*, 133 A.3d 759, 768 (Pa. Super. 2016) (citation omitted). Other factors to consider for intent to deliver include the drug packaging, the defendant's behavior, the presence of drug paraphernalia, sums of cash, and expert testimony. *See id.*

The trial court summarized the evidence that established Millhouse's intent to distribute methamphetamine.

Here, police conducted a controlled purchase of marijuana from [Millhouse] on May 21, 2020 outside 5126 Ranstead. N.T.[, 9/12/23, at] 83. When police arrested [Millhouse] on May 22, 2020, they found the silver key, a clear plastic bag containing two grams of "loose green weed and seed substance", and a yellow container referred to as a "stash container" that contained 13 [methamphetamine] pills. N.T.[, 9/12/23, at] 105-8. [Millhouse] kept the [methamphetamine] in the same locations as the marijuana. Property Receipt 3447427 reflected that [Millhouse] carried both marijuana and [methamphetamine] on him at the time of his arrest. Property Receipt 3447428 reflected that [Millhouse] not only kept marijuana and [methamphetamine] in the jeans underneath the firearm but also that some of the marijuana and [methamphetamine] were kept in plastic containers. [*See*] Property Receipt 3447428 attached hereto as

Court's Exhibit 'F'. A clear container with a blue top held roughly two grams of marijuana while a blue container with a blue top held 28 [methamphetamine] pills, 14 of which were blue, the rest of which were yellow.

Considering that the [methamphetamine] was not only found in the same locations as the marijuana [Millhouse] had been confirmed to be selling but were also packaged similarly, the evidence was sufficient for the jury to determine that [Millhouse] was selling or intended to sell the [methamphetamine], even without evidence of a controlled purchase of such pills by police. Similarly, the drug paraphernalia recovered by police indicated the sale of narcotics, not the personal use of them.

Trial Court Opinion, 3/4/25, at 17-18.

We agree with the trial court. Officers recovered around 81 methamphetamine pills on Millhouse's person and in his residence as well as storing and packaging material and a digital scale. This was sufficient to establish that Millhouse possessed the methamphetamine with the intent to deliver.

For his Section 6105 conviction, Millhouse claims there was insufficient evidence that he possessed the firearm.

"Where a defendant is not in actual possession of the prohibited items, the Commonwealth must establish that the defendant had constructive possession to support the conviction." *Commonwealth v. Rojas-Rolon*, 256 A.3d 432, 437 (Pa. Super. 2021) (citation omitted). "We have defined constructive possession as conscious dominion, meaning that the defendant has the power to control the contraband and the intent to exercise that control." *Commonwealth v. Parrish*, 191 A.3d 31, 36 (Pa. Super. 2018)

(citation and internal quotation marks omitted). "Constructive possession requires proof that the defendant had knowledge of the existence and location of the item." **Commonwealth v. Hall**, 199 A.3d 954, 961 (Pa. Super. 2018) (citation omitted). Thus, "the Commonwealth must establish facts from which the trier of fact can reasonably infer that the defendant exercised dominion and control over the contraband at issue." **Parrish**, 191 A.3d at 36. Additionally, constructive possession may be established and proven by the totality of the circumstances and circumstantial evidence. **See Rojas-Rolon**, 256 A.3d at 437.

The trial court explained the evidence of Millhouse's constructive possession of the firearm.

> As proven by the corresponding testimony and property receipts, the firearm was found inside of [Millhouse's] home on a pile of clothing next to the front door. [**See**] N.T.[, 9/12/23, at] 56-57, 72, 99-100[;] Property Receipt 3447430 attached hereto as Court's Exhibit "C". Having thoroughly established that the firearm was inside [Millhouse's] house, the Commonwealth then presented a certified court order from February 3, 2015, proving that [Millhouse] was legally prohibited from owning a firearm. [**See**] N.T.[, 9/14/23, at 4;] Court Order from February 3, 2015 attached hereto as Court's Exhibit "D". Viewing this evidence in the light most favorable to the verdict winner and giving the Commonwealth the benefit of all reasonable inferences, the evidence sufficiently demonstrated that [Millhouse], while being legally prohibited from possessing a firearm, constructively possessed a firearm in his home, on the laundry basket with clean clothes and the drugs.

Trial Court Opinion, 3/4/25, at 13.

Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to establish that Millhouse constructively possessed the firearm.

The firearm was located inside his house on a pile of laundry next to his front door. In light of this, it is reasonable to infer that he exercised dominion and control over the firearm. Therefore, Millhouse's arguments challenging the sufficiency of the evidence are without merit.

In his second issue, Millhouse challenges the weight of the evidence for his PWID and Section 6105 convictions. He argues that his PWID conviction was against the weight of the evidence because the officers had inconsistent descriptions of his clothing and the evidence indicated that the methamphetamine in his possession was consistent with personal use not an intent to distribute. **See** Appellant's Brief, at 30. Regarding Section 6105, Millhouse argues that his conviction was against the weight of the evidence because he was found not guilty of PIC, which according to him is "logically inconsistent" with finding him guilty of Section 6105. **See** Appellant's Brief, at 31-33.

> A claim alleging the verdict was against the weight of the evidence is addressed to the discretion of the trial court. Accordingly, an appellate court reviews the exercise of the trial court's discretion; it does not answer for itself whether the verdict was against the weight of the evidence. It is well settled that the fact-finder is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses, and a new trial based on a weight of the evidence claim is only warranted where the fact-finder's verdict is so contrary to the evidence that it shocks one's sense of justice. In determining whether this standard has been met, appellate review is limited to whether the trial judge's discretion was properly exercised, and relief will only be granted where the facts and inferences of record disclose a palpable abuse of discretion.

*Commonwealth v. James*, 297 A.3d 755, 768 (Pa. Super. 2023) (citation omitted).

> The trial court briefly summarized the weight of the evidence presented.
>
> At trial, the Commonwealth presented a plethora of evidence including but not limited to the search warrant, multiple property receipts, three separate seizure analyses, a firearms report, and the testimonies of Officer Brown, Officer Olesik, and Officer Hardy. [*See*] Exhibit List attached hereto as Court's Exhibit "B". With this evidence, the Commonwealth conveyed to the jury that [Millhouse] was outside of his house at 5126 Ranstead Street selling marijuana and meth while keeping additional supplies of those drugs as well as a loaded firearm in his residence.
>
> By contrast, [Millhouse] only presented limited evidence: notes from the preliminary hearing, the 75-49, and Google street photos labeled from the vantage point of 5147 Ranstead Street and 5129 Ranstead Street. [Millhouse] also cross-examined the officers about another individual entering 5126 Ranstead Street on May 19th, 2020 in an attempt to raise reasonable doubt that the narcotics and firearm found in the home belonged to [Millhouse]. However, the mere presence of another individual selling drugs at 5126 Ranstead on May 19, 2020 had no effect on other evidence, such as Officer Brown's testimony of his controlled purchase of marijuana directly from [Millhouse] on May 21, 2020.

Trial Court Opinion, 3/4/25, at 11-12.

Based on the evidence presented, we discern no abuse of discretion on the part of the trial court in rejecting Millhouse's weight of the evidence claim.

Millhouse further argues that his Section 6105 conviction was against the weight of the evidence because of his acquittal of PIC.

"Well-settled Pennsylvania law permits inconsistent verdicts, provided sufficient evidence supports the conviction." *Commonwealth v. Houck*, 102 A.3d 443, 451 (Pa. Super. 2014) (citations omitted). Further, "[a]n acquittal

cannot be interpreted as a specific finding in relation to some of the evidence."
**Id.** (citation omitted).

"One narrow exception to this rule exists where the jury specifically acquits the defendant of an underlying crime, and that underlying crime is a **necessary predicate** to a second crime." **Commonwealth v. Rose**, 960 A.2d 149, 158 (Pa. Super. 2008) (emphasis in original). "In that case, the conviction for the second crime cannot stand, '[g]iven the special weight afforded acquittals.'" **Id.** (quoting **Commonwealth v. Magliocco**, 883 A.2d 479, 493 (Pa. 2005)) (alteration in original).

PIC is not a necessary predicate of Section 6105. To sustain a conviction for Section 6105, the Commonwealth must establish that the defendant "possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm." **Commonwealth v. Miklos**, 159 A.3d 962, 967 (Pa. Super. 2017) (citation omitted). Meanwhile, for PIC the Commonwealth must establish two elements: "(1) possession of an object that is an instrument of crime and (2) intent to use the object for a criminal purpose." **Commonwealth v. Moore**, 263 A.3d 1193, 1205 (Pa. Super. 2021) (citation omitted). "Instrument of crime" is defined as "[a]nything specially made or specially adapted for criminal use[,]" or "[a]nything used for criminal purposes and possessed by the actor under circumstances not manifestly appropriate for lawful uses it may have." 18 Pa.C.S.A. § 907(d).

As PIC is not a necessary predicate of Section 6105, Millhouse's argument regarding inconsistent verdicts is without merit.

In his third issue, Millhouse argues that the trial court erred in denying his suppression motion because there was insufficient evidence to establish probable cause for a search warrant of the residence. *See* Appellant's Brief, at 38. He argues that the evidence was insufficient to establish probable cause because, on May 19, 2020, officers conducted a controlled buy of marijuana from an unidentified individual who entered and exited 5126 Ranstead, the drug transactions that occurred on the porch were outside the home, and the officers were not credible. *See id.* at 40-41.

"Probable cause exists where, based upon a totality of the circumstances set forth in the affidavit of probable cause, including the reliability and veracity of hearsay statements included therein, there is a fair probability that evidence of a crime will be found in a particular place." *Commonwealth v. Fletcher*, 307 A.3d 742, 746 (Pa. Super. 2023) (citation and ellipses omitted).

Again, the trial court comprehensively explained the reason the officers had probable cause to search Millhouse's residence.

> [Millhouse's] claim fails as the available record establishes probable cause in the instant matter. The Honorable Zachary C. Shaffer stated his reasons for denying the motion to suppress at a hearing held on September 9, 2022. These reasons included but were not limited to: finding that Officer Hardy testified credibly; the controlled purchase of narcotics from [Millhouse]; observations from the investigating officers of [Millhouse] entering and exiting 5126 Ranstead multiple times; and the recovery of various items from [Millhouse] upon his arrest, which included a clear bag containing marijuana, a yellow container that held

[methamphetamine], and a silver key to 5126 Ranstead. [**See**] N.T.[, 9/9/22, at] 63-68. Judge Shaffer also determined that [Millhouse] did not ask officers why they were entering his house in the context of a custodial interrogation but, rather, that [Millhouse] had asked that question without any prompting on the officers' behalf.

Based on the available record, including Judge Shaffer's findings of fact and conclusions of law, the court determined that police did in fact have "reasonable suspicion and probable cause to arrest [Millhouse], search [Millhouse] and execute the warrant on the house" in this matter. [**See id.** at] 68[.] The record supports this determination. Officers conducted controlled purchases of narcotics, specifically marijuana, from [Millhouse]. This, at the very least, gave officers reasonable suspicion if not probable cause, to arrest [Millhouse].

When [Millhouse] was arrested, he had in his possession marijuana, [methamphetamine], and a key to the residence, in which was found a loaded firearm, more narcotics, and drug paraphernalia. Officers had testified that on May 21st, 2020 and May 22nd, 2020, [Millhouse] was the only one to enter and exit the 5126 Ranstead Street house, even though [Millhouse] had been sitting outside the property with another individual. [**See id.** at] 82[-]83[.]

Trial Court Opinion, 3/4/25, at 22-23.

Based on the findings of fact, there was a fair probability that the officers would find evidence of a crime inside Millhouse's residence. Therefore, Millhouse's argument that police lacked probable cause to search his residence is without merit.

In his final issue, Millhouse argues that his Section 6105 conviction is unconstitutional because it violated his Second Amendment right to bear arms where his prior disqualifying conviction of PWID was "non-violent," and there is no historical tradition of disarming such non-violent offenders. **See**

- 12 -

Appellant's Brief, at 42-44. The Commonwealth argues that the instant case is indistinguishable from and controlled by **Commonwealth v. Randolph**, 343 A.3d 1248 (Pa. Super. 2025).[3] **See** Appellee's Brief, at 25-27. The Commonwealth is correct.

In **Randolph**, after surveying United States Supreme Court Second Amendment jurisprudence, and recent Superior Court decisions applying that jurisprudence to other constitutional challenges to Section 6105, we recognized that PWID offenders pose a "credible threat" to the safety of others and thus, we held that Section 6105 as applied to PWID offenders was constitutional. **See Randolph**, 343 A.3d at 1258-59.[4]

Recently, we have applied **Randolph** to reject the same argument that Millhouse raises here. **See Commonwealth v. Delauder**, No. 721 MDA 2024, 2025 WL 2417742, at *5 (Pa. Super. filed Aug. 21, 2025) (unpublished memorandum) (relying on **Randolph** to summarily reject argument that applying Section 6105 to a prior conviction for PWID violates the Second Amendment); **Commonwealth v. Lewis**, No. 1272 MDA 2024, 2025 WL 3270529, at *8 (Pa. Super. filed Nov. 20, 2025) (unpublished memorandum),

---

[3] The Commonwealth also points out that Millhouse's previous PWID conviction was not his only disqualifying offense under Section 6105 because Millhouse also had two prior convictions for receiving stolen property. **See** Appellee's Brief, at 21-22.

[4] **Randolph** was issued approximately one month after Millhouse filed his appellate brief.

*reargument denied* (Jan. 27, 2026) (same); ***Commonwealth v. Megenhardt***, No. 1688 MDA 2024, 2025 WL 3281510, at *7 (Pa. Super. filed Nov. 25, 2025) (unpublished memorandum) (same).[5]

As we have previously considered and rejected the argument that Millhouse raises, he is entitled to no relief. Therefore, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 3/19/2026

---

[5] Unpublished decisions filed after May 1, 2019 may be cited for their persuasive value. ***See*** Pa.R.A.P. 126(b).