J-S16028-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                          :             PENNSYLVANIA
                                                            :
              v.                                        :
                                                            :
JAMES MERRILL BROWNING         :
                                                            :
            Appellant                :    No. 1735 MDA 2024

Appeal from the PCRA Order Entered October 30, 2024
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001499-2020

BEFORE:  LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY BOWES, J.:               **FILED MAY 23, 2025**

James Merrill Browning appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

By way of background, on July 18, 2020, the Pottsville police executed a search warrant of Appellant's hotel room.  The affidavit of probable cause recounted the victim's report that while she was in Appellant's room alone with him, she passed out and woke up groggy.  She believed that she had been drugged.  The victim also expressed that she had pain and bleeding in her vagina that was not present before she lost consciousness.  The warrant sought evidence of intercourse and any drugs or drug paraphernalia that could have been used to sedate the victim.  *See* Affidavit of Probable Cause, 7/18/20.  During the search of Appellant's hotel room, police found 12.5 grams of methamphetamine, a small plastic bag containing cocaine, $880 in cash, a

digital scale, a methamphetamine pipe, and a blunt containing marijuana. Appellant was arrested and charged with possession with intent to distribute ("PWID"), possession of methamphetamine, possession of cocaine, possession of drug paraphernalia, and possession of a small amount of marijuana.

After the police read him his **Miranda** warnings, Appellant conceded that the money was his, but denied that he owned the methamphetamine. He also admitted that he had people come to his hotel room to use methamphetamine together. When he gave consent to search his cell phone, police discovered incoming text messages indicating that Appellant orchestrated drug transactions.

At the jury trial, Appellant moved to exclude the text messages on the ground that they were not authenticated, which the court denied. The jury convicted Appellant of PWID, possession of methamphetamine, possession of cocaine, and possession of drug paraphernalia, and found him not guilty of possession of a small amount of marijuana. The trial court sentenced Appellant to an aggregate sentence of five to ten years of incarceration.

This Court affirmed Appellant's judgment of sentence on direct appeal, and he did not petition our Supreme Court to permit an appeal from that decision. **See Commonwealth v. Browning**, 283 A.3d 363, 2022 WL 2721395 (Pa.Super. 2022) (non-precedential decision). Appellant timely filed the instant *pro se* PCRA petition, followed by an amended petition after PCRA counsel was appointed. Therein, Appellant argued that trial counsel was

- 2 -

ineffective for, *inter alia*, neglecting to object to the admission of his text messages on the basis of hearsay and declining to pursue a motion to suppress the evidence obtained from his hotel room.

At the ensuing PCRA hearing, Detective Joseph Krammes of the Pottsville Police Department testified that he was the applicant for the search warrant. He explained that since the victim indicated that she had been drugged and awoke with injuries to her vagina, he requested to search for evidence of intercourse, along with "intoxicants, drugs, and drug paraphernalia[.]" N.T. PCRA Hearing, 7/30/24, at 9-10. Trial counsel, Andrea Thompson, Esquire, also testified. She explained that she did not believe that there was "any basis" to file a suppression motion where the affidavit of probable cause stated that the victim reported that she was sedated with drugs. *Id*. at 16. She also explained that she did not object to the introduction of Appellant's text messages on hearsay grounds because she believed that an authentication objection was "stronger." *Id*. at 16.

By opinion and order, the PCRA court denied Appellant's petition, and he filed a *pro se* appeal. PCRA counsel submitted an application to withdraw after being informed by Appellant that he wished to proceed *pro se*. This Court remanded for a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), and the PCRA court found that Appellant did not waive his right to an attorney. PCRA counsel thus agreed to continue representation. The court thereafter ordered a Pa.R.A.P. 1925(b) statement, but none was

entered.[1]  In lieu of a Rule 1925(a) opinion, the court directed us to its previous opinion and order.  Appellant now asserts the following issues for our determination:

> Did the [PCRA] court err in denying [Appellant]'s [PCRA] petition?
>
> A.     Was trial counsel ineffective for failing to object to hearsay evidence?
>
> B.     Was trial counsel ineffective for failing to move to suppress evidence?

Appellant's brief at 3 (some capitalization altered, some articles omitted).

Our review of an order denying a PCRA petition "is limited to the findings of the PCRA court and the evidence of record.  We will not disturb a PCRA court's ruling if it is supported by [the] record and is free of legal error." **Commonwealth v. Smith**, 194 A.3d 126, 132 (Pa.Super. 2018) (cleaned up).  We afford "great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record." **Id**. However, we review the court's legal conclusions *de novo*, and our scope of review is plenary.  **Id**.

---

[1] This Court finds PCRA counsel's noncompliance in filing a court-ordered Rule 1925(b) statement to be *per se* ineffective assistance of counsel.  **See Commonwealth v. Sanchez-Frometa**, 256 A.3d 440, 442-43 (Pa.Super. 2021) ("This Court has held that . . . the complete failure to file the 1925(b) statement . . . is *per se* ineffectiveness[.]" (cleaned up)).  Nevertheless, we need not remand for a statement pursuant to Rule 1925(c)(3) where the court has supplied its reasoning for the issues Appellant argues on appeal.

Appellant challenges trial counsel's effectiveness, for which our law is well-settled:

> [C]ounsel is presumed to have been effective and . . . the petitioner bears the burden of proving counsel's alleged ineffectiveness. To overcome this presumption, a petitioner must establish that: (1) the underlying substantive claim has arguable merit; (2) counsel did not have a reasonable basis for his or her act or omission; and (3) the petitioner suffered prejudice as a result of counsel's deficient performance, that is, there is a reasonable probability that but for counsel's act or omission, the outcome of the proceeding would have been different. A PCRA petitioner must address each of these prongs on appeal. A petitioner's failure to satisfy any prong of this test is fatal to the claim.

*Commonwealth v. Alceus*, 315 A.3d 853, 859 (Pa.Super. 2024). As to the reasonable basis prong, "a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued." *Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (cleaned up). Counsel cannot be found to be ineffective "for failing to raise a meritless claim." *Id*.

The PCRA court concluded that Appellant did not demonstrate that Attorney Thompson was ineffective for neglecting to object to the introduction of his text messages on hearsay grounds, as he did not establish the requisite prejudice. *See* Trial Court Opinion, 10/30/24, at 7. Specifically, the court explained that during the execution of the search warrant, police found $880 in cash, 12.57 grams of methamphetamine, a digital scale, and baggies, which was "all evidence indicative of drug sales." *Id*. Accordingly, the court determined that since there was other evidence of Appellant's drug activity,

- 5 -

there was not a reasonable probability that the outcome of the proceeding would have been different. *Id*.

Appellant asserts that Attorney Thompson's decision not to object on the basis of hearsay amounted to ineffective assistance of counsel where the text messages constituted the only direct evidence that he engaged in drug transactions. *See* Appellant's brief at 17. Since "there was no other record that a sale occurred[,]" Appellant claims that he "suffered a clear prejudice by having [the messages] introduced at trial[.]" *Id*.

We conclude that the PCRA court's findings are supported by the record. Appellant was convicted of multiple possession charges and PWID. To sustain a conviction for PWID, the Commonwealth must prove "both possession of the controlled substance and the intent to deliver the controlled substance." *Commonwealth v. Bernard*, 218 A.3d 935, 943 (Pa.Super. 2019) (cleaned up). Factors to consider in determining whether the defendant had an intent to deliver include "the manner in which the controlled substance was packaged, the behavior of the defendant, the presence of drug paraphernalia, . . . the sums of cash found in possession of the defendant[, and] expert testimony." *Id*. (cleaned up).

Disregarding the text messages, the Commonwealth's evidence verified Appellant's possession of narcotics with the intent to distribute. Police found in his hotel room $880 in cash, 12.57 grams of methamphetamine, and packaging materials. Thus, contrary to Appellant's assertion, the

Commonwealth presented evidence independent of his text messages that he possessed a controlled substance with the intent to deliver. *See Commonwealth v. Mosley*, 114 A.3d 1072, 1080 (Pa.Super. 2015) (holding that even where the trial court improperly admitted text messages demonstrating that Mosley orchestrated drug transactions, the Commonwealth nonetheless presented "substantially similar evidence showing that Mosley possessed the drugs with the intent to deliver" to uphold his conviction for PWID, such as $117 in cash, two cell phones, and clear plastic baggies containing 10.5 grams of cocaine, 0.64 grams of heroin, and 6 oxycontin pills). Therefore, Appellant has not proved that but for Attorney Thompson's omission, the outcome of this matter would have changed.

The PCRA court also determined that Appellant did not establish that trial counsel had no reasonable basis for declining to pursue a suppression motion. Rather, it found that that the affidavit of probable cause alleged "sufficient facts . . . to indicate a crime had been committed" where the victim reported that she was drugged, passed out, and upon regaining consciousness, had new pain and bleeding in her vagina. *See* Trial Court Opinion, 10/30/24, at 5-6. Further, Attorney Thompson attested that based on her training and experience, she did not believe that a suppression motion would have been successful. *Id*. at 6. Instead, she opined that the affidavit contained enough evidence to support the inference that a crime had occurred in Appellant's hotel room. *Id*. at 6.

Appellant argues that trial counsel was ineffective for refusing to file a motion to suppress where he claims that the search warrant was issued for evidence of rape and sexual assault, but the affidavit of probable cause did not demonstrate that this type of criminal activity occurred. **See** Appellant's brief at 15. Appellant explains that the affidavit only stated that the victim believed she was "drugged due to her passing out and when she woke up . . . [she] was very groggy[,]" and that she "had pain and bleeding to her vagina that was not there before she passed out." **Id**. He contends that "[t]here are completely normal biological functions that would explain the discomforts that [the victim] was describing." **Id**. Since the affidavit did not state that the victim specifically asserted that she was raped or sexually assaulted, Appellant maintains that Attorney Thompson should have filed a motion to suppress. **Id**.

Our review of the certified record supports the court's conclusion. It is axiomatic that a warrant be supported by probable cause, which "exists where, based upon a totality of the circumstances set forth in the affidavit of probable cause, including the reliability and veracity of hearsay statements included therein, there is a fair probability that evidence of a crime will be found in a particular place." **Commonwealth v. Fletcher**, 307 A.3d 742, 746 (Pa.Super. 2023) (cleaned up). Rape is classified, in pertinent part, as follows:

**(a) Offense defined.**--A person commits a felony of the first degree when the person engages in sexual intercourse with a complainant:

. . . .

(3) Who is unconscious or where the person knows that the complainant is unaware that the sexual intercourse is occurring.

(4) Where the person has substantially impaired the complainant's power to appraise or control his or her conduct by administering or employing, without the knowledge of the complainant, drugs, intoxicants or other means for the purpose of preventing resistance.

18 Pa.C.S. § 3121. Sexual assault is defined thusly: "Except as provided in [§] 3121 (relating to rape) or 3123 (relating to involuntary deviate sexual intercourse), a person commits a felony of the second degree when that person engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1.

The victim's statement to police that she believed she had been drugged while alone with Appellant in his hotel room, was rendered unconscious, and awoke with unexplained injuries to her vagina, provided a reasonable probability that police would discover evidence of rape or sexual assault at that location, or the means of rendering the victim unconscious. *See* 18 Pa.C.S. § 3121(a)(3)-(4); 18 Pa.C.S. § 3124.1. Additionally, although the affidavit did not state that the victim explicitly claimed that she was raped or sexually assaulted, her story provided enough evidence to suggest a fair likelihood of those crimes. *See Fletcher*, 307 A.3d at 746. Appellant has therefore not met his burden to show that Attorney Thompson had no

reasonable basis in not pursuing a motion to suppress where the warrant was supported by probable cause. **See Johnson**, 139 A.3d at 1272 (stating that counsel cannot be found to be ineffective for neglecting to raise meritless contentions).

Overall, Appellant has not demonstrated that he suffered ineffective assistance of trial counsel. Accordingly, we affirm the PCRA court's order denying his petition.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/23/2025